UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

| | |
|---|---|
| BOOM BY CINDY JOSPEH, LTD | : ECF |
| | : |
| Plaintiff, | : Index No. <u>1:18-cv-4448</u> |
| | : |
| | : **COMPLAINT** |
| - against - | : |
| | : **JURY TRIAL DEMANDED** |
| | : |
| IT WORKS! MARKETING, INC., | : |
| SUGARING USA, LLC, | : |
| | : |
| Defendant. | : |

-----------------------------------------------------------------------x

Plaintiff Boom! By Cindy Joseph Ltd., by its attorneys, The Serbagi Law Firm, P.C., for its Complaint against the above-named Defendants, alleges as follows:

## NATURE OF ACTION

1.      This is an action for federal trademark infringement, in violation of 15 U.S.C. § 1114; false designation of origin under 15 U.S.C. § 1125(a) of the Lanham Act, Common Law Unfair Competition, Federal Trademark Dilution in Violation of Section 43(c) of the Lanham Act, Trademark Dilution under New York Law, and Unfair Trade Practices under New York Law.

## JURISDICTION AND VENUE

2.      This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338 and 15 U.S.C. § 1121(a).

3.      This Court has personal jurisdiction over the Defendant by virtue of his transacting, doing, and soliciting business in this district.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

## THE PARTIES

5.      Plaintiff Boom! By Cindy Joseph Ltd., is a New York company, with a principal place of business at 101 South Highland Avenue, Nyack, New York, 10960.

6.      Upon information and belief, Defendant Sugaring USA, LLC ("Sugaring") is a Limited Liability Company located in the State of New York., with a place of business at 315 Fifth Avenue, LLC, New York, New York 10016 and a DOS address at 1 West Street, Apt. 2441, New York, New York 10004.

7.      Upon information and belief, Defendant It Works! Marketing, Inc. ("It Works") is a corporation located in Florida, with a principal place of business at 908 Riverside Drive, Palmetto, Florida, 34221.

## ALLEGATIONS COMMON TO ALL COUNTS

8.      Plaintiff Boom! By Cindy Joseph Ltd., ("BOOM!") is a New York based company that produces a variety of high-end cosmetics for women.

9.      Plaintiff BOOM! sold millions of dollars of products bearing the mark BOOM since at least as early as 2009.  BOOM!'s products have received significant praise and recognition in the media and from its customer base, such that the BOOM mark is famous and has come to be recognized as emanating from Plaintiff.

## PLAINTIFF BOOM'S FEDERAL REGISTRATIONS AND APPLICATIONS

10.      BOOM! owns the following trademark registrations and applications (together the "BOOM Trademarks"):

| Mark | Reg. No. | Reg. Date | Goods |
|------|----------|-----------|-------|
| **BOOM! BY CINDY JOSEPH** | 3,710,613 | 11/10/09 | 3/ Cosmetics; non-medicated skin care preparations. |

| | | | |
|---|---|---|---|
| **BOOM!** BY CINDY JOSEPH | 4,174,409 | 7/17/12 | 3/ Cosmetics; Non-medicated skin care preparations |
| **BOOMSILK** | 4,251,282 | 11/27/12 | 3/ Whole body cream |
| **BOOMSTICK** | 4,220,662 | 10/9/12 | 3/ Cosmetics; Non-medicated skin care preparations. |

11.     These trademarks are incontestable.  Because of the longstanding and continuous use of the BOOM Marks since September of 2009, the significant amount of money BOOM! has spent promoting the BOOM Marks, the widespread and positive media attention it has received, and the significant revenues that products bearing the BOOM Marks have generated, BOOM! has accrued significant goodwill and secondary meaning in the BOOM Marks.

12.     BOOM! also has six pending applications for BOOM!, for "cosmetics; non-mediated skin care preparations," in Class 3, with a first use date of September 2, 2009 (87/656,070); BOOM TOUCH, with a first use date of June 1, 2014 for a "sensual lubricant" (87/819,070); BOOM MASK, with a first use date of December 31, 2016 for "cosmetics; non-mediated skin care preparations," in Class 3 (87/819,033); BOOM NECTAR, with a first use date of July 16, 2017 for "cosmetics; non-mediated skin care preparations," in Class 3 (87/819,048); BOOM COTTON, with a first use date of November 10, 2015 for "cosmetics; non-mediated skin care preparations," in Class 3 (87/819,054); and **BOOM!** with a first use date of April 28, 2010 for "cosmetics; non-mediated skin care preparations," in Class 3 (87/654,940).

**Defendant Sugaring's Infringing Use of BOOM Marks**

13.     Sugaring has been marketing and selling various "organic scrubs" using BOOM!'s marks via an infringing website located at www.boomscrub.com.

3

14.    Not only are Defendant Sugaring's BOOM marks identical to Plaintiff's, but also the respective goods are both in the same general field of cosmetics.  Moreover, Sugaring adopted both the colors and style of Plaintiff's BOOM marks, which supports bad faith and intentional infringement, justifying enhanced damages.

**Defendant It Works!'s Infringing Use of the BOOM Mark**

15.    Defendant It Works! has obtained a trademark registration for the mark BOOM, for "[e]ssential oils for household use; [e]ssential oils for personal use," with a purported first use date of November 6, 2015 (Reg. No. 5,100,390).  It Works has also been selling, unbeknownst to Boom! infringing product via its website at "www.myitworks.com."

16.    Not only are Plaintiff's and Defendant's respective BOOM marks identical, but also the respective goods are both in the same general field.

## CAUSES OF ACTION AGAINST DEFENDANTS

### FIRST CAUSE OF ACTION

#### (FEDERAL TRADEMARK INFRINGEMENT)
#### (15 U.S.C. § 1114)

17.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 16, as if fully set forth herein.

18.    As a result of the foregoing acts, Defendants have willfully and intentionally infringed Plaintiff's federally registered trademarks.

19.    Plaintiff has suffered damages as a result.

## SECOND CAUSE OF ACTION

### FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION, AND UNFAIR COMPETITION UNDER 15 U.S.C. § 43(a))

20.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 19, as if fully set forth herein.

21.     The false representations of origin and the false and misleading descriptions and representations of fact alleged herein have caused Plaintiff significant monetary damage, loss and injury to Plaintiff, in an amount currently undetermined, all in violation of Section 43(a) of the Lanham Act of the Trademark Act of 1946, as amended, 15 U.S.C. § 43(a).

22.     As a result of the foregoing acts, Defendants have caused consumer confusion in the marketplace.

23.     Upon information and belief, Defendants have undertaken the aforesaid acts willfully and with the intention of causing confusion, mistake or deception.

## THIRD CAUSE OF ACTION

### (COMMON LAW UNFAIR COMPETITION)

24.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 23 as if fully set forth herein.

25.     By the acts alleged herein, Defendants have engaged in, and continue to engage in, a course of unfair competition in violation of the common law of the State of New York.

26.     Plaintiff has been damaged as a result of the Defendants' activities in an amount currently undetermined.

## FOURTH CLAIM FOR RELIEF

## (FEDERAL TRADEMARK DILUTION IN VIOLATION OF SECTION 43(C) OF THE LANHAM ACT (15 U.S.C. § 1125(c))

27.     The Plaintiff BOOM! hereby repeats each and every allegation set forth in paragraphs 1 to 26 above as if fully set forth herein.

28.     BOOM! is the exclusive owner of the BOOM Trademarks.

29.     The BOOM Trademarks are famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

30.     The BOOM Trademarks are all distinctive marks that have been in use for many years and play a prominent role in BOOM!'S marketing, advertising and the popularity of its products across many different media.

31.     The BOOM Trademarks, were famous long before the Defendants began using unauthorized reproductions, counterfeits, copies and colorable imitations on their unauthorized merchandise.

32.     The BOOM Trademarks, have gained widespread publicity and public recognition in New York and elsewhere.

33.     The Defendants' sale of goods that use the BOOM Trademarks constitute use in commerce of the BOOM Trademarks.

34.     Plaintiff BOOM! has not licensed or otherwise authorized the Defendants' use of the BOOM Trademarks.

35.     Consumers are likely to locate and purchase the Defendants' products in the erroneous belief that the Defendants are associated with, sponsored by or affiliated with BOOM!, and/or that BOOM! is the source of those products.

6

36.     The Defendants' use of the BOOM Trademarks, dilutes and/or is likely to dilute the distinctive quality of those marks and to lessen the capacity of such marks to identify and distinguish BOOM!'s goods.

37.     The Defendants' unlawful use of the BOOM Trademarks, in connection with inferior goods is also likely to tarnish those trademarks and cause blurring in the minds of consumers between BOOM! and the Defendants, thereby lessening the value of the BOOM Trademarks, as unique identifiers of BOOM!'s products.

38.     The Defendants' acts have caused and will continue to cause irreparable injury to BOOM! The Plaintiff has no adequate remedy at law and is thus damaged in an amount yet to be determined.

## FIFTH CAUSE OF ACTION

### (TRADEMARK DILUTION IN VIOLATION OF
### N.Y. GEN. BUS. LAW § 360-l)

39.     The Plaintiff BOOM! hereby repeats each and every allegation set forth in paragraphs 1 to 38 above as if fully set forth herein.

40.     The Plaintiff BOOM! is the exclusive owner of the BOOM line of trademarks.

41.     Through prominent, long and continuous use in commerce, including commerce within New York, the BOOM line of trademarks have become, and continue to become, famous and distinctive.

42.     Long after the BOOM Trademarks, became famous, the Defendants, without authorization from BOOM!, used unauthorized reproductions, counterfeits, copies and colorable imitations of the BOOM Trademarks.

7

43.     The Defendants' unauthorized use of the BOOM Trademarks, dilutes and/or is likely to dilute the distinctive quality of those marks and to lessen the capacity of such marks to identify and distinguish the Plaintiff's goods.

44.     The Defendants' unlawful use of the BOOM Trademarks, in connection with inferior goods is also likely to tarnish those trademarks and cause blurring in the minds of consumers between BOOM! and the Defendants, thereby lessening the value of the BOOM Trademarks, including the BOOM Trademarks, as unique identifiers of BOOM!'s cosmetic products.

45.     By the acts described above, the Defendants have diluted, and are likely to dilute the distinctiveness of the BOOM Trademarks, and caused a likelihood of harm to BOOM!'s business reputation in violation of Section 360–l of the New York General Business Law.

46.     The Defendants' acts have caused, and will continue to cause, irreparable injury to BOOM! The Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

## SIXTH CAUSE OF ACTION

### (UNFAIR TRADE PRACTICES UNDER
### N.Y. GEN BUS. LAW §§ 349-50)

47.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 1 to 46 as if fully set forth herein.

48.     By its acts alleged herein, Defendants have engaged in, and continue to engage in, a course of unfair trade practices in violation of N.Y. Gen. Bus. Law §§ 349-50.

49.     Plaintiff has been damaged as a result of Defendants' activities in an amount currently undetermined.

8

## SEVENTH CAUSE OF ACTION

### (Cancellation of BOOM (Reg. No. 5,100,390) Pursuant to 15 U.S.C. §§ 1064 and 1119)

50.     Defendants incorporate Paragraphs 1 through 49, as set forth herein.

51.     Defendant It Works! has obtained a trademark registration for the mark BOOM, for "[e]ssential oils for household use; [e]ssential oils for personal use," with a purported first use date of November 6, 2015 (Reg. No. 5,100,390).

52.     The Court should cancel Reg. No. 5,100,390 because Plaintiff has prior and superior rights to the BOOM mark and because Reg. No. 5,100,390 infringes upon Plaintiff's BOOM Trademarks.

53.     Pursuant to the Lanham Act, the Court has jurisdiction to order the USPTO to make appropriate entries on the Federal Register with respect to the subject mark.

**WHEREFORE, Plaintiff demands:**

54.     Defendants acts have caused irreparable injury to Plaintiff's goodwill and excellent reputation in an amount that cannot be ascertained at this time, and unless permanently enjoined, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

55.     By reason of the foregoing, Plaintiff is entitled to permanent injunction forcing the Defendants to cease use of the BOOM Trademarks, and after trial, to recover any damages proven to have been caused by Defendants acts.

56.     Plaintiff is entitled to its attorney's fees on grounds that this is an exceptional case pursuant to 15 U.S.C § 1117(a).

57.      For treble damages, statutory damages, lost profits, or any other damages provided by law.

58.     For its reasonable attorney's fees and costs.

9

59.     For such other and further relief as the Court deems just and proper.

Dated: New York, New York
        May 18, 2018

                        THE SERBAGI LAW FIRM, P.C.


                        By: _____
                            Christopher Serbagi, Esq.
                            488 Madison Avenue, Suite 1120
                            New York, New York 10022
                            Tele:  (212) 593-2112
                            Fax:  (212) 308-8582

                            Attorney for the Plaintiff